UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JALIL WILLIAMS, | ) | |
|              Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:12-cv-1006-SEB-DML |
| | ) | Case No. 1:10-cr-0146-SEB-KPF-1 |
| UNITED STATES OF AMERICA. | ) | |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. ' 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Jalil Williams for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

*Background*

On August 31, 2010, Williams was charged in a twelve-count Information that was filed in 1:10-cr-00146-SEB-KPF-1. Count 1 alleged that Williams interfered with interstate commerce by commission of a robbery, in violation of 18 U.S.C. § 1951. Count 2 alleged that Williams brandished a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(B)(i). Counts 3, 5, 7, and 12 alleged that Williams interfered with interstate commerce by commission of a robbery, in violation of 18 U.S.C. § 1951. Counts 4, 6, and 8 alleged that on various dates relating to the robbery counts, Williams brandished a firearm in relation to crimes of violence, in violation of 18 U.S.C. § 924(c)(1)(B)(i). Count 9 alleged that Williams conspired with others to interfere with interstate commerce by robbery, in violation of

18 U.S.C. § 1951. Count 10 alleged that Williams brandished a firearm with respect to count 9. Count 11 alleged that Williams knowingly possessed a firearm not registered to him.

On September 1, 2010, Williams filed a petition to enter a plea of guilty. That same day, the parties submitted a written plea in which Williams agreed to plead guilty to Counts 1, 7, 8, and 12 of the Information and the government agreed to dismiss the other counts. The government also moved to dismiss the Superseding Indictment in cause number 1:08-cr-94-SEB-KPF-1.

On September 1, 2010, the Court conducted a hearing on Williams' petition to enter a plea of guilty. At that hearing, the Court advised Williams of his rights and the possible penalties he faced if convicted. The Court asked Williams if he understood that he was giving up his right to appeal the conviction and his sentence. Williams acknowledged that that was part of his plea agreement. (Plea Hearing Transcript pp. 20, 28). Williams testified at the hearing that nobody persuaded or coerced him against his will to enter into the plea. *Id.* at 28. The Court determined that Williams was fully competent and capable of entering an informed plea, that he was aware of the nature of the charges and the consequences of the plea, and that his plea of guilty was a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of each of the offenses. *Id.* at p. 45. The Court accepted Williams' plea of guilty to Counts 1, 7, 8, and 12 of the Information and adjudged him guilty as charged. The plea agreement was reached in accordance with Rule 11(c)(1)(C) of the *Federal Rules of Civil Procedure.*

A sentencing hearing was held on March 24, 2011. The Court sentenced Williams to a term of 192 months imprisonment, to be followed by five years of supervised release. An Amended Judgment was entered on the docket on June 16, 2011.

Williams did not appeal his conviction or sentence. On July 14, 2012, Williams signed his motion for relief pursuant to 28 U.S.C. § 2255. It was filed on July 20, 2012.

*Discussion*

A motion pursuant to 28 U.S.C. ' 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). In his § 2255 motion, Williams asserts that his right to effective assistance of counsel was denied when his attorney failed to file an appeal attacking his sentence. He argues that he should have been granted a two-level departure. He also asserts that his criminal history was overstated. The United States responds that Williams' § 2255 motion is time-barred and also barred by the waiver of post-conviction relief rights found in the written plea agreement.

*Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). For purposes of § 2255(f)(1), that period runs from "the date on which the judgment of conviction becomes final." *Id.* A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires. *Clay v. United States,* 537 U.S. 522, 527 (2003). As noted, the amended judgment of conviction was entered on the clerk's docket on June 16, 2011. Williams would have had fourteen (14) days, through Thursday June 30, 2011, in which to file a notice of appeal. *Fed. R. App. P.* 4(b)(1)(A). He did not appeal his conviction. For purposes of the § 2255(f)(1) statute of limitations provision, June 30, 2011, is the date his conviction became final.

Using the one-year period from the date on which the judgment of conviction became final, Williams' present motion would have to have been filed by June 30, 2012. Applying the

prison mailbox rule, *see Houston v. Lack,* 487 U.S. 266, 271 (1988), Williams' § 2255 motion can be considered to have been filed on the date he placed the motion in the prison mail system. In this instance, the Court gives Williams the most generous date possible by allowing the date he signed his motion, July 14, 2012, to be deemed the date it was filed. That date, however, was two weeks after the § 2255(f)(1) statute of limitations period expired.

Williams argues that he had one year and 90 days to timely file his petition. He cites *Clay* for this proposition. Williams' reliance on *Clay* is mistaken. The additional 90 days comes into play only when a defendant files a direct appeal and it is unsuccessful. Under those circumstances, if no petition for *certiorari* was filed, his conviction would have become final when one year and 90 days had passed from the date of the court of appeals' decision. 28 U.S.C. § 2244(d)(1) (the one year period of limitation runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). *Clay* held that when a defendant takes an unsuccessful direct appeal from his conviction but does not then seek a writ of *certiorari* from the Supreme Court, a judgment becomes final "when the time expires for filing a petition for *certiorari* contesting the appellate court's affirmation of the conviction." *Clay,* 537 U.S. 525. Williams did not file a direct appeal, so the question at issue in *Clay* does not apply to this case.

Williams further contends that the "standard of equitable tolling can be simply met by the incompetence and failure of F.C.I. McDowell's mailing department to expressly get mail (legal) to its proper recipients." (Reply, dkt. 28). Williams' attempt to invoke equitable tolling is baseless. The Court has treated Williams' section 2255 motion as having been filed on the day it was signed, thus eliminating any issue as to how or when it was mailed. For the above reasons, Williams' motion is time-barred.

*Waiver*

The United States also argues that Williams' § 2255 motion is barred by the waiver of post-conviction relief rights found in the written plea agreement.

In paragraph 3 of the plea agreement, Williams acknowledged that if the Court accepted the plea agreement, he would be sentenced pursuant to the terms of the plea agreement. The parties agreed that Williams should be sentenced to a term of imprisonment of no more than 25 years to be followed by a term of supervised release of no more than five years. (¶ 3, Plea Agreement).

In exchange for concessions made by the Government, Williams "expressly waives his right to appeal on any ground his conviction. (¶9, Plea Agreement). Williams "also waives his right to appeal the sentence imposed, including the right to appeal conferred by Title 18, United States Code, Section 3742, if the Court sentences [him] to twenty-five (25) years imprisonment or less." *Id.* Williams "also waives the right to contest the sentence imposed and the manner in which it was determined in any collateral attack, including an action brought under Title 28, United States Code, Section 2255, if the Court sentences [him] to twenty-five (25) years imprisonment or less." *Id.* As noted, the Court sentenced Williams to 192 months (16 years) imprisonment.

The Seventh Circuit has recognized the validity of waivers such as that included in the plea agreement in this case. "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Such waivers are upheld and enforced with limited exceptions in cases in which 1) "the plea agreement was involuntary," 2) "the district court relied on a constitutionally impermissible factor (such as race)," 3) "the sentence exceeded the statutory

maximum," or 4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.* (internal quotations omitted); *see also Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (because the ineffective assistance of counsel challenge relating to sentencing had nothing to do with the issue of deficient negotiation of the waiver, the petitioner waived his right to seek post-conviction relief); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) ("waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to ' 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver").

In *Mason,* 211 F.3d at 1069, the court suggested the following analysis in determining whether a claim has been waived: "[C]an the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?" *Id.* Williams challenges his sentence. He specifically waived his right to appeal pursuant to section 3742, and he waived his right to bring a section 2255 motion. He has not argued, much less shown, that his plea agreement was not knowingly and voluntarily made. In addition, he has not asserted or shown any ineffective assistance of counsel with respect to the plea agreement.

In light of the admitted plea waiver, Williams requests that the Court dismiss his § 2255 motion as "filed under the wrong title" and allow it "to proceed under a 3742 (review of sentence)." (Reply, dkt. 28). The Court cannot rename or recharacterize a motion that falls within the scope of a § 2255 motion. *Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004) ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover.").

Moreover, as noted, the plea agreement expressly provided that Williams waived his "right to appeal conferred by Title 18, United States Code, Section 3742." (¶ 9, Plea Agreement).

"We have repeatedly held that a voluntary and knowing waiver of an appeal is valid and must be enforced." *United States v. Sakellarion*, 649 F.3d 634, 638 (7th Cir. 2011) (internal quotation omitted). "The presumption of verity [of a defendant's statements in pleading guilty] is overcome only if the defendant satisfies a heavy burden of persuasion." *United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001) (internal quotation omitted). Williams has not met that burden.

Accordingly, the waiver provision is valid and will be enforced. William's § 2255 motion is barred by the waiver provision of his plea agreement.

*Denial of Hearing*

Although he has not requested one, Williams is not entitled to an evidentiary hearing. An evidentiary hearing is "not required when the files and records of the case conclusively show that the prisoner is entitled to no relief." *Lafuente v. United States,* 617 F.3d 944, 946 (7th Cir. 2010) (internal quotation omitted); *see also* 28 U.S.C. § 2255(b). That is the case here. No hearing is warranted under these circumstances.

*Conclusion*

The foregoing circumstances show that Williams is not entitled to relief pursuant to 28 U.S.C. § 2255. The motion for relief pursuant to § 2255 is therefore **denied**. Judgment consistent with this Entry shall now issue.

**This Entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, No. 1:10-cr-0146-SEB-KPF-1.**

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ′ 2255 Proceedings*, and 28 U.S.C. ′ 2253(c), the court finds that Williams has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 05/30/2014

*[signature]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jalil Williams
No. 08901-028
McDowell- FCI
Inmate Mail/Parcels
P. O. Box 1009
Welch, WV 24801

All electronically registered counsel